UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
USAVIOR LYNCH,

                                        Plaintiff,

      against-

THE CITY OF NEW YORK, P.O. ANDREW J. KAMNA, Shield No. 24865, Individually and in his Official Capacity; SERGEANT THOMAS DALY, Shield No. 3644; ANTHONY GONZALES, and "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name "John Doe" being fictitious, as the true names are presently unknown),

                                       Defendants.
------------------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

12-CV-5155 (CBA)(MDG)

**ECF CASE**

      Plaintiff USAVIOR LYNCH, by his attorney, JON L. NORINSBERG, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

      1.      Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff USAVIOR LYNCH is a citizen of the United States, and at all relevant times, was and is a resident of the City and State of New York.

7.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants, P.O. ANDREW J. KAMNA, SERGEANT THOMAS DALY, ANTHONY GONZALES, and P.O.s "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On January 27, 2012, at approximately 10:00 p.m., plaintiff USAVIOR LYNCH was lawfully present in his cousin RAHEEM SPENCER'S home, along with four lawfully present individuals, at 247 Dumont Avenue, Apartment 'B', in the County of Kings, City and State of New York.

14. At the aforesaid time and place, plaintiff USAVIOR LYNCH was startled by the sound of loud banging on the front door.

15. USAVIOR LYNCH then attempted to inquire who was knocking at the door. At this time, plaintiff was informed by defendants that it was the New York City Police Department.

16. When plaintiff USAVIOR LYNCH attempted to inquire as to what was going on, defendant officers shouted "OPEN THE DOOR" in response.

17. USAVIOR LYNCH then asked defendants, including defendants KAMNA, DALY, GONZALES and the DOES defendants, whether they had a warrant to enter the apartment.

18. The defendants KAMNA, DALY, GONZALES and the DOES defendants

admitted to having no such warrant.

19.     Thereafter, plaintiff USAVIOR LYNCH'S cousin RAHEEM SPENCER denied defendants request to open the door.

20.     For the next forty-five (45) minutes, defendants including KAMNA, DALY, GONZALES and the DOES defendants, proceeded to loudly and forcibly bang on the apartment's door.

21.     The force in which defendants banged was such that the physical door broke and became jammed.

22.     Thereafter, plaintiff USAVIOR LYNCH attempted to leave the subject apartment, but could not do so because of the broken door.

23.     Upon realizing that the door was stuck, USAVIOR LYNCH then proceeded to force the front door open with a cro-bar.

24.     Upon opening the door, defendants including KAMNA, DALY, GONZALES and the DOES defendant, rushed into the apartment, without permission, and handcuffed everyone in the apartment.

25.     Defendants then removed all persons from the apartment, and proceeded to search the premises without permission or a warrant.

26.     After forty (40) minutes, defendants came from the apartment, falsely informed plaintiff USAVIOR LYNCH that they "found a large amount of crack/cocaine in [his] bag" and falsely claimed that the purported crack/cocaine was "in [his] wallet, in plain view"

27.     At no time on January 27, 2012 did plaintiff USAVIOR LYNCH have any crack/cocaine, or any other drugs, in his possession.

28.     At no time on January 27, 2012 did defendants find any crack/cocaine in

plaintiff's personal effects.

29. Thereafter, plaintiff USAVIOR LYNCH was placed under arrest and brought to the precinct.

30. Plaintiff USAVIOR LYNCH spent five (5) hours in the precinct before being transferred to Central Booking.

31. Thereafter, plaintiff USAVIOR LYNCH spent approximately forty-three (43) hours in Central Booking before being arraigned.

32. On September 14, 2012, all charges against plaintiff USAVIOR LYNCH were dismissed

33. As a result of the foregoing, plaintiffs USAVIOR LYNCH's liberty was restricted for an extended period of time, he was put in fear for their safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983
(Against CITY, KAMNA, DALY, GONZALES and the DOES Defendants)

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff USAVIOR LYNCH of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America,

and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The acts complained of deprived plaintiff USAVIOR LYNCH of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from searches not based upon probable cause;

    C. Not to have excessive force imposed upon them;

    D. Not to have summary punishment imposed upon them; and

    E. To receive equal protection under the law.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**
(Against KAMNA, DALY, GONZALES and the DOES Defendants)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. As a result of defendants' aforementioned conduct, plaintiff USAVIOR LYNCH was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

43. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C.§ 1983
(Against KAMNA, DALY, GONZALES and the DOES Defendants)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants searched plaintiff USAVIOR LYNCH'S personal effects in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

46. As a result of the foregoing, plaintiff USAVIOR LYNCH was subjected to an illegal and improper search.

47. The foregoing unlawful search violated plaintiff USAVIOR LYNCH'S constitutional right to privacy, as guaranteed by the Third, Fifth, and Fourteenth Amendments to the United States Constitution.

### FOURTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983
(Against KAMNA, DALY, GONZALES and the DOES Defendants)

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49. The aforementioned individual defendant, to wit, P.O. ANDREW KAMNA, issued legal process to place USAVIOR LYNCH under arrest.

50. The aforementioned individual defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. The aforementioned individual defendants acted with intent to do harm to plaintiff USAVIOR LYNCH, without excuse or justification.

52. As a result of the foregoing, plaintiff USAVIOR LYNCH sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE
(Against KAMNA, DALY, GONZALES and the DOES Defendants)

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

58. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth and Fourteenth Amendments.

59. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL UNDER 42 U.S.C. § 1983
(Against KAMNA, DALY, GONZALES and the DOES Defendants)

53.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "52" as if the same were more fully set forth at length herein.

54.  Defendants KAMNA, DALY, GONZALES and the DOE Defendants created false evidence against USAVIOR LYNCH.

55.  Defendants KAMNA, DALY, GONZALES and the DOE Defendants forwarded false evidence and false information to prosecutors in the Kings County District Attorney's office.

56.  In creating false evidence against USAVIOR LYNCH, and in forwarding false information to prosecutors, defendants KAMNA, DALY, GONZALES and the DOE Defendants violated Mr. LYNCH's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57  As a result of defendants' unlawful conduct, plaintiff USAVIOR LYNCH suffered a deprivation of liberty.

58.  By reason of the aforesaid conduct by defendants, plaintiff USAVIOR LYNCH requests the following relief:

    A.  Compensatory damages in the amount of five hundred thousand dollars ($500,000);
    B.  Punitive damages in the amount of five hundred thousand dollars ($500,000);
    C.  An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements; and
    D.  Any further relief as the Court may find just and proper.

Dated: New York, New York
        June 7, 2013

_____
JON L. NORINSBERG, Esq.
(JN-2133)
Attorney for Plaintiff
225 Broadway, Suite 2700
New York, N.Y. 10007
(212) 791-5396